IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MEYERS DIVISION

PEDRO CARBALLO,

    Plaintiff,

vs.

ENHANCED RECOVERY COMPANY, LLC,

    Defendant,
_____/

CASE NO.:

DEMAND FOR JURY TRIAL

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, PEDRO CARBALLO (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, ENHANCED RECOVERY COMPANY, LLC, (hereafter "Defendant"), and states as follows:

### PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (hereafter the "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

### JURISDICTION AND VENUE

1. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C § 1332, diversity jurisdiction.

2. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action, is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have

original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because the Plaintiff resides in this District, the phone calls were received in this District, and Defendant transacts business in this District.

## FACTUAL ALLEGATIONS

4. Plaintiff is an individual residing in Hendry County, Florida.

5. Plaintiff is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(2) and the FDCPA, 15 U.S.C. § 1692(a)(3).

6. Defendant is a foreign limited liability company as registered with the Florida Department of State, Division of Corporations.

7. Defendant is a "creditor," as defined by the FCCPA, Fla. Stat. § 559.55(5) and by the FDCPA, 15 U.S.C. §1692a(4), and does business throughout the state of Florida, including Hendry County, Florida.

8. Defendant is a "debt collector," as defined by the FCCPA, Fla. Stat. § 559.55(7) and FDCPA, 15 U.S.C. § 1692a(6), and does business throughout the state of Florida, including Hendry County, Florida.

9. Defendant is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

10. The conduct of Defendant, which gives rise to the cause of action herein alleged, occurred in this District, Hendry County, Florida, by the Defendant's placing of telephone calls to Plaintiff's cellular telephone in an attempt to collect a debt.

11. Defendant, at all material times, was attempting to collect a debt that does not belong to Plaintiff.

12. The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by the FCCPA, Fla. Stat. §559.55(6) and FDCPA, 15 U.S.C. §1692a(5).

13. Plaintiff revoked any prior express consent to contact Plaintiff via cell phone or any other form of communication in or about January, 2017, when Plaintiff verbally advised Defendant to stop calling his cellular telephone.

14. Plaintiff also advised Defendant that the debt it was attempting to collect did not belong to Plaintiff and Plaintiff was not the party Defendant was attempting to contact.

15. Plaintiff returned a call to Defendant on January 30, 2017 in an effort to further clarify that the debt was not Plaintiff's and to request that Defendant no longer call Plaintiff's cellular telephone.

16. Plaintiff advised Defendant for a third time on February 1, 2017 that the debt was not his and directed Defendant to stop calling his cellular telephone.

17. All calls to Plaintiff's cell phone were made after Plaintiff revoked any "alleged" consent and without the "prior express consent" of Plaintiff.

18. Plaintiff is the regular user and carrier of the cellular telephone number ending in -2705 and was the called party and recipient of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

19. Defendant knowingly and/or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls and after Plaintiff withdrew any prior consent or permission to be contacted.

20. Defendant knowingly and/or willfully harassed and abused Plaintiff by calling Plaintiff's cellular telephone up to two (2) times per day after advising Defendant to stop calling his cellular telephone in January, 2017.

21. Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiff's cellular telephone.

22. The following phone number, 800-875-5164, is the phone number Defendant used to call Plaintiff's cellular telephone.

23. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of all calls made to Plaintiff.

24. Defendant placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

25. Plaintiff did not speak with a representative during some of the phone calls placed by Defendant because there was no representative on the telephone call that spoke or attempted to communicate with Plaintiff after Plaintiff answered the telephone call.

26. Some of the representatives sounded like artificial or pre-recorded voices.

27. Plaintiff did not initiate any communications.

28. The calls from Defendant to Plaintiff's cellular telephone continued despite Plaintiff expressly revoking his consent.

29. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

30. None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

31. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(9)

32. Plaintiff re-alleges and incorporates paragraphs 1-31 above as if fully stated herein.

33. Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

34. Defendant violated the FCCPA, Fla. Stat. § 559.72(9), when it knowingly claimed, attempted, and threatened to enforce a debt when Defendant knew that the debt was not legitimate, or asserted the existence of some other legal right when Defendant knew that the right did not exist.

35. Specifically, Defendant attempted to collect an illegitimate debt when Defendant called Plaintiff's cellular telephone despite having actual knowledge that the debt did not belong to Plaintiff and after being advised multiple times by Plaintiff that he was not the person Defendant was attempting to contact.

**WHEREFORE**, Plaintiff, PEDRO CARBALLO, demands judgment against Defendant, ENHANCED RECOVERY COMPANY, LLC, for the following relief:

   a. any actual damages sustained by Plaintiff as a result of the above allegations;

   b. statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

   c. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

   d. in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

   e. any other relief the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(5)

36. Plaintiff incorporates all allegations in paragraphs 1-31 as if stated fully herein.

37. Defendant violated the FDCPA, 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

38. Specifically, Defendant caused Plaintiff's cellular telephone to ring repeatedly or continuously after it knew that it did not have consent to contact Plaintiff via cellular telephone and after it knew that Plaintiff did not owe the debt.

39. Defendant's acts, as described above, were done intentionally with the purpose of annoying, abusing, or harassing Plaintiff.

**WHEREFORE**, Plaintiff, PEDRO CARBALLO, demands judgment against Defendant, ENHANCED RECOVERY COMPANY, LLC, for the following relief:

   a. any actual damages sustained by Plaintiff as a result of the above allegations;

   b. statutory damages pursuant to 15 U.S.C. § 1692k(a)(2) in an amount up to $1,000.00;

   c. in the case of a successful action sustaining the liability of Defendant, pursuant to 15 U.S.C. § 1692k(a)(3), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

      d.    any other relief the Court deems just and proper.

## COUNT III
## VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(2)(a)

40. Plaintiff incorporates all allegations in paragraphs 1-31 as if stated fully herein.

41. Defendant, is subject to, and has violated the provisions of 15 U.S.C. §1692e(2)(A) by using false, deceptive, or misleading means or representations in attempting to collect the consumer debt.

42. Specifically, Defendant's actions, as described herein, were an unlawful attempt to deceive and mislead Plaintiff into paying a debt that did not belong to Plaintiff.

43. The act of contacting Plaintiff via her cellular telephone to demand payment of an illegitimate debt that she did not owe and failing to advise Plaintiff that the alleged debt could not be legally enforced in court is a deceptive and misleading representation or means of collecting a debt.

## COUNT IV
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

44. Plaintiff incorporates all allegations in paragraphs 1-31 as if stated fully herein.

45. Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

46. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

47. Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

48.     The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiff, PEDRO CARBALLO, demands judgment against Defendant, ENHANCED RECOVERY COMPANY, LLC, for the following relief:

    a.    statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after Plaintiff's revocation;

    b.    an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

    c.    any other relief the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

**[SIGNATURE PAGE TO FOLLOW]**

## VERIFICATION

Under penalty of perjury, I have read the foregoing and it is true and correct.

_____
PEDRO CARBALLO

Date: May 4, 2017

**BOSS LAW**

/s/ Christopher W. Boss
**Christopher W. Boss, Esq.**
Fla. Bar No.: 13183
Service Email: cpservice@protectyourfuture.com
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax: (888) 503-2182
**Attorney for Plaintiff**